IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JEREMY BOLLINGER                                                      PLAINTIFF

v.                      CIVIL NO. 20-2189

KILOLO KIJAKAZI[1], Acting Commissioner                  DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Jeremy Bollinger, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for a period of disability and disability insurance benefits (DIB) under the provisions of Titles II and XVI of the Social Security Act (Act). (ECF No. 2). The Defendant filed an Answer to Plaintiff's action on May 20, 2021, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. (ECF No. 17).

On July 13, 2021, the Commissioner, having changed positions, filed an unopposed motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (ECF No. 21).

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner

---

[1] Kilolo Kijakazi has been appointed to serve as the Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296 (1993).

Here, the Court finds remand for the purpose of the ALJ to further evaluate the evidence appropriate.

Based on the foregoing, the undersigned grants the Commissioner's unopposed motion to reverse the decision of the ALJ and remands this case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 13th day of July 2021.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE